**LI XU, Petitioner,**

v.

**Mark R. FILIP,[1] Respondent.**

No. 07–4312–ag.

United States Court of Appeals,
Second Circuit.

Jan. 28, 2009.

Michael Brown, Law Offices of Michael Brown, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Assistant Attorney General, United States Department of Justice, Civil Division, Alison Marie Igoe, Senior Litigation Counsel, Office of Immigration Litigation, Edward J. Duffy, Office Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

***SUMMARY ORDER***

Li Xu, a native and citizen of China, seeks review of a September 26, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Li Xu,* No. A98 419 020 (B.I.A. Sept. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Mark R. Filip is automatically substituted for

former Attorney Michael B. Mukasey as the respondent in this case.

the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006).

As an initial matter, contrary to the government's argument, we find that we have jurisdiction to review the BIA's September 2007 decision denying Xu's motion to reopen, which denied reopening based on Xu's failure to establish *prima facie* eligibility for relief, rather than the agency's pretermission finding. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001); *see also* 8 U.S.C. § 1158(a)(2)(B).

We conclude that the BIA did not abuse its discretion in denying Xu's motion to reopen because she failed to establish *prima facie* eligibility for asylum based on her practice of Falun Gong. The BIA reasonably found that the evidence she submitted was substantially similar to the evidence she previously submitted with her appeal of the IJ's denial of her original asylum application. It also appropriately found that Xu's arguments in her motion to reopen were the same arguments she made in her prior appeal. Because the evidence and arguments are essentially the same as were presented to the BIA in her prior appeal, the BIA did not abuse its discretion in denying her motion. *Cf. Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (finding that a BIA does not abuse its discretion in denying a motion to reconsider where the motion merely repeats arguments that the BIA had previously rejected).

Because Xu has failed to sufficiently challenge the BIA's finding that she failed to demonstrate *prima facie* eligibility based on the birth of her U.S.-born children, we deem any such argument waived.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Mark

*See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.